THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLUB 21 LLC dba SUGARS NIGHTCLUB, TALENTS WEST II LLC, RYAN McLEOD, and CATRINA NYHUS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SHORELINE, TONY BURTT, SHORELINE CHIEF OF POLICE, and SCOTT PASSEY, SHORELINE CITY CLERK,<br><br>Defendants. | Case No. C08-0078 MJP<br><br>ORDER DENYING DEFENDANTS CITY OF SHORELINE AND SCOTT PASSEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment. (Dkt. No. 24.) The Court has considered Defendants' motion, Plaintiffs' opposition (Dkt. No. 29), Defendants' reply (Dkt. No. 33), and other pertinent documents in the record. For the reasons stated below, the Court DENIES Defendants' motion for partial summary judgment.

**Background**

Plaintiffs seek injunctive and declaratory relief claiming that Chapter 5.10 of Shoreline's Municipal Code violates their First and Fourteenth Amendment rights. (Dkt.

ORDER 1

No. 29 at 2.)  Plaintiffs also pursue injunctive and declaratory relief in their challenge to two police raids that took place at Sugars nightclub on December 28, 2007.  (Id.) Additionally, Plaintiffs argue they are owed damages consisting of lost profits caused by those raids.  (Id.)  In the present motion, Defendants City of Shoreline and Scott Passey, Shoreline's City Clerk, move for summary judgment on the issue of lost profits.  (See Dkt. No. 24.)

**Discussion**

I. Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  Id. at 324.

II. Loss of Profits

ORDER 2

1   The parties agree that, pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64
(1938), Washington's state rule of decision on lost profit damages applies to this action.
(See Dkt. No. 29 at 4; see also Dkt. No. 33 at 3.) Under Washington law, lost profits are
recoverable as damages insofar as they can be estimated with reasonable certainty.
Lundgren v. Whitney's Inc., 94 Wn.2d 91, 97 (1980). When a plaintiff produces the best
evidence available on the issue and when that evidence provides a reasonable basis for
measuring lost profits, a wrongdoer may not benefit from difficulties in determining the
precise dollar amount of loss. Id. at 98 (citations omitted).

Defendants' motion for summary judgment claims that the business recap
summaries provided by Plaintiffs do not provide a reasonable basis for determining lost
profits. (Dkt. No. 24 at 4.) In their reply, Defendants further argue that Plaintiffs have
failed to establish that the City of Shoreline is legally liable for King County's actions.
(Dkt. No. 33 at 3.) However, because the Defendants did not raise the issue of transferred
liability in its original motion, the Court will not rule upon it here.[1]

Summary judgment is denied because of the procedural posture of this action. On
October 24, 2008, the Court granted Defendants' motion for a continuance of certain dates.
(Dkt. No. 43.) Pursuant to the updated scheduling order, discovery will not be completed
until January 12, 2009 and expert witness disclosures are not due until November 14, 2008.
(Dkt. No. 44.) This updated schedule, which Defendants City of Shoreline and Scott
Passey requested, allows Plaintiffs to provide additional evidence on the issue of lost
profits. As such, summary judgment on the issue would be premature at this juncture. The

---

[1] Further, Defendants' reply asks the Court to strike two declarations filed with Plaintiffs' response.
(Dkt. No. 33 at 1-2.) Because the Court reaches its decision without considering either of the
declarations, the motion to strike is moot.

ORDER 3

Court need not reach the issue of whether Plaintiffs' business recap data is sufficient to carry their burden.

## Conclusion

Because discovery has not yet been completed, it would be improper for the Court to determine at this time that Plaintiff has failed to demonstrate lost profits with reasonable certainty. Defendants' motion of partial summary judgment is therefore DENIED without prejudice.

The clerk is directed to send a copy of this order to all counsel of record.

DATED this 3rd day of November, 2008.

s/Marsha J. Pechman
MARSHA J. PECHMAN
United States District Judge