THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLUB 21 LLC dba SUGARS NIGHTCLUB, TALENTS WEST II LLC, RYAN McLEOD, and CATRINA NYHUS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SHORELINE, TONY BURTT, SHORELINE CHIEF OF POLICE, and SCOTT PASSEY, SHORELINE CITY CLERK,<br><br>Defendants. | Case No. C08-0078 MJP<br><br>ORDER GRANTING DEFENDANT CITY OF SHORELINE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF CLUB 21'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant City of Shoreline's motion for partial summary judgment and Plaintiff Club 21's motion for partial summary judgment on the issue of vicarious standing. (Dkt. Nos. 36, 53.) Defendant's motion asks the Court to dismiss Plaintiffs Ryan McLeod and Catrina Nyhaus for lack of standing. Plaintiffs' motion asks the Court to rule that Club 21 has standing to assert a constitutional challenge to Shoreline's municipal code. The Court has considered the motions, the responses (Dkt. Nos. 37, 68), the replies (Dkt. Nos. 42, 73.), and all other pertinent documents in the record. For the reasons set forth below, the Court GRANTS Defendant's motion and DENIES Plaintiff's motion.

ORDER ON STANDING MOTIONS - 1

**Background**

Plaintiffs are various entities and individuals challenging various aspects of the City of Shoreline's Adult Cabaret Ordinance. (First Amended Compl. ¶ 3.1) Plaintiff Club 21 LLC ("Club 21") is a limited liability cooperation operating Sugars Nightclub in Shoreline. (Id. at ¶1.1.) Plaintiff Ryan McLeod is a part-time manager at Sugars. (McLeod Decl. ¶ 1.) Mr. McLeod once had a Shoreline Manager's license, as required by the city's Municipal Code, but has since allowed the license to lapse. (Id. ¶ 2 (further signaling his intent to apply for a renewal of his license).) Plaintiff Catrina Nyhaus, a licensed entertainer, performs at Sugars and was arrested there in August 2008. (Nyhus Decl. ¶¶ 1-2.)

Sugars is a nightclub featuring "nude dancing and erotic entertainment" in Shoreline. (Compl. ¶ 3.1.) Shoreline licenses and regulates Sugars through Chapter 5.10 of the Shoreline Municipal Code (also known as the Adult Cabaret Ordinance). (Id.) Entertainers like Ms. Nyhaus are independent contractors paid directly by customers to perform stage and individual performances. (Id. ¶ 3.2.) Shoreline's Municipal Code provides that off-stage performances take place with a "distance of no less than four feet, measured from the forehead of the entertainer to the forehead of the customer paying for the dance." SMC 5.10.070(A)(6) ('the four foot rule"). Under SMC 5.10.070(B)(8), managers are responsible for making sure that all entertainers comply with the four foot rule. Violation of the Adult Cabaret Ordinance is a misdemeanor. SMC 5.10.110. On December 27, 2007 and January 11, 2008, the King County Sheriff's Office arrested several managers and entertainers at Sugars. (Compl. ¶¶ 3.9-3.10.)

Plaintiffs' complaint asserts several claims: (1) bad faith law enforcement and harassment and deprivation of Plaintiffs' First, Fourth, and Fourteenth Amendment rights; (2) a First Amendment overbreadth challenge to the Adult Cabaret Ordinance and a § 1983

claim based on their enforcement; and (3) a Washington Constitution claim. (See Amended Compl.) Plaintiffs had included a challenge to Shoreline's licensing provisions for managers and entertainers, but dismissed the claim because Shoreline has amended its licensing provisions. (Dkt. Nos. 51, 76.)

Defendant City of Shoreline moves for summary judgment on three issues: (1) whether either party has standing to challenge Shoreline's licensing provisions for managers and entertainers; (2) whether Mr. McLeod has standing to challenge the strict liability provisions for managers (5.10.070(B)(8)); and (3) whether Ms. Nyhaus may challenge Shoreline's "four foot rule" (codified at 5.10.070). (Dkt. No. 36.) In light of Plaintiffs' voluntary dismissal of certain claims (Dkt. No. 76), Defendant's arguments concerning the licensing provisions are moot. Club 21's motion for partial summary judgment asks the Court to rule that Club 21 has standing to challenge the Adult Cabaret Ordinance. (Dkt. No. 53 at 2.)

**Discussion**

I. Standing

The "irreducible constitutional minimum of standing" requires a plaintiff to demonstrate (1) they have suffered an injury in fact that is (2) causally connected to the defendant's purportedly offensive conduct and (3) that a favorable decision will likely redress their injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (further noting that the injury must be "concrete and particularized" and "actual or imminent") (citations omitted). As "the party invoking federal jurisdiction," Plaintiffs bear the burden of establishing standing. Id. Because the elements of standing are an essential part of a plaintiff's case, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Id. ("In response to a summary judgment

ORDER ON STANDING MOTIONS - 3

1 motion . . . the plaintiff can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" (citing Fed. R. Civ. P. 56(e))).

II. Summary Judgment

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

III. Plaintiff McLeod

Shoreline argues Plaintiff McLeod lacks standing to challenge the manager's liability provisions of the Adult Cabaret Ordinance. In a case that raises concerns over a statute, a plaintiff must allege an injury arising "as the result of the challenged statute." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). In City of Los Angeles v. Lyons, the Supreme Court held a plaintiff lacked standing to pursue equitable relief in his challenge to a police practice of choke-holding suspects because he could not establish "a real and

ORDER ON STANDING MOTIONS - 4

immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation." 461 U.S. 95, 105 (1983). Evidence of "past wrongs" is relevant to the Court's determination of whether an immediate threat exists. Id. at 102.

Mr. McLeod works at Sugars on a "part time basis" when other managers are sick or on vacation. (McLeod Decl. ¶ 1.) He has allowed his Manager's license to lapse, but states he intends to renew it. (Id. ¶ 2.) It does not appear as if he has been arrested because Mr. McLeod only states he "worked at Sugars . . . when the night manager was placed under arrest." (Id. ¶ 1.)[1] Nevertheless he "fears prosecution and arrest" under the manager's liability portions of the Ordinance. Like the plaintiff in Lyons, Mr. McLeod cannot demonstrate a "real and immediate threat" of injury. For Mr. McLeod to be injured, he would have to reapply for a license, receive a license, then fill-in for a permanent manager at a time where the Adult Cabaret Ordinance was being violated, fail to act to end the violation, and be arrested. (See Dkt. No. 42 at 4.) Because this Court must assume that Plaintiffs will "conduct their activities within the law and so avoid prosecution," the Court cannot conclude that Mr. McLeod is at danger of suffering any injury. Lyons, 461 U.S. at 103 (quotations omitted).

Plaintiff McLeod analogizes to Jones v. City of Los Angeles, where a group of homeless individuals could demonstrate standing to challenge an ordinance that prevented people from sleeping on the sidewalk. 444 F.3d 1118 (9th Cir. 2006) (opinion vacated by Jones v. City of Los Angeles, 505 F.3d 1006 (9th Cir. 2007)). The opinion in Jones has been vacated and is no longer good law. The Court believes it is appropriate to dismiss Mr. McLeod's challenge to the manager's liability provision for lack of standing.

---

[1] Plaintiffs cite no other "past wrongs" Mr. McLeod has suffered from the ordinance. Lyons, 461 U.S. at 102.

ORDER ON STANDING MOTIONS - 5

IV.  Plaintiff Nyhaus

The parties further disagree about Ms. Nyhaus' standing to challenge the four foot rule. (Dkt. No. 39 at 5; Dkt. No. 42 at 3.) This Court generally evaluates jurisdiction on the basis of the facts "as they exist when the complaint is filed." See Newman-Green, Inc. v. Alfonzo-Larrian, 490 U.S. 826, 830; see also Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832, 838 (9th Cir. 2007) ("standing turns on the facts as they existed at the time the plaintiff filed the complaint").

Ms. Nyhaus states she intends to continue performing at Sugars, despite her arrest in August 2008. (Nyhaus Decl. ¶ 1.) Furthermore, she fears arrest and prosecution because of "the arrest procedures that occurred at Sugars in August 2008 and at other times in the past." (Id. ¶ 3.) Plaintiffs filed their amended complaint in this matter on May 5, 2008, several months before Ms. Nyhaus was arrested. Thus, in evaluating the "past wrongs" related to Ms. Nyhaus' alleged threat of injury, the Court cannot consider her August 2008 arrest. Without any applicable "past wrongs," Ms. Nyhaus cannot establish she had standing to challenge the four foot rule at the time she filed the amended complaint. Defendant is entitled to summary judgment on the issue.

V.  Plaintiff Club 21

Plaintiff Club 21 filed a separate motion for summary judgment asking the Court to rule that, even if Ms. Nyhaus and Mr. McLeod lack standing, Club 21 has standing to challenge the four foot rule and the manager's liability provisions of the Adult Cabaret Ordinance. (Dkt. No. 53 at 1-2 (citing SMC 5.10.070(A)(6) ("four foot rule") and SMC 5.10.070(B)(8) (manager's liability).) A party opposing summary judgment on the issue of standing must only show "that there is a genuine question of material fact as to the standing elements." Central Delta Water Agency v. United States, 306 F.3d 938, 946 (9th Cir. 2002).

While third party standing is disfavored as a prudential matter, overbreadth challenges under the First Amendment raise unique concerns that "may at times outweigh the policies behind the general rule against third-party standing." 15 Moore's Federal Practice § 101.51[3][e]; see also Sec'y of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 957 (1984) ("where the claim is that a statute is overly broad in violation of the First Amendment, the Court has allowed a party to assert the rights of another without regard to the ability of the other to assert his own claims . . ."). Even though the overbreadth doctrine relaxes the Court's prudential standing concerns, a plaintiff must demonstrate the constitutionally-required injury in fact. Dream Palace v. County of Maricopa, 384 F.3d 990, 999 (9th Cir. 2004) (citations omitted). Thus, "the crucial issues in determining overbreadth standing 'are whether [the plaintiff] satisfies the requirement of 'injury-in-fact' and whether it can be expected satisfactorily to frame the issues in the case.'" 4805 Convoy, Inc. v. City of San Diego, 183 F.3d 1108, 1112 (9th Cir. 1999) (quoting Munson, 467 U.S. at 958) (Convoy had standing to challenge license revocation and suspension procedures but did not have standing to challenge a licensing provision that would never apply to it).

The evidence presented in support of Plaintiff's motion does not demonstrate the absence of a material question of fact on the issue of standing.[2] The two declarations from Club 21's principal, John Conte, do not reference either the four foot rule or the manager's liability provision of the Adult Cabaret Ordinance. (See Conte Decl. ¶ 5 (complaining that "fewer entertainers are willing to perform" after the "raids" without describing what

---

[2] In its motion, Plaintiff claims to rely upon a declaration from Mr. Levy and "attachments thereto filed on 10/26/08." (Dkt. No. 53 at 3.) The docket does not reflect that there were any documents filed on October 26, 2008 in this matter. In addition to examining all pertinent documents in the record, the Court has considered both of Mr. Levy's declarations on the issue of standing. (Dkt. Nos. 38, 56.)

ORDER ON STANDING MOTIONS - 7

specific violations gave rise to the arrests) and Suppl. Conte Decl. ¶ 5 (same).) The first Levy Declaration presents testimony from certain police officers who participated in arrests at Sugars, a series of incident reports from the arrests, and complaints filed by Shoreline against certain entertainers—none of these documents clarify Club 21's complaint of a free speech-related injury. (See Levy Decl.) The second Levy Declaration contains a series of interrogatory answers by Mr. McLeod and Ms. Nyhaus as well as additional deposition testimony from another police officer. (See Supp. Levy Decl.) None of this evidence describes with any specificity the chilling effect caused by the four foot rule. In other words, Plaintiff has not carried its initial burden as the movant demonstrating the absence of a material fact on the issue. See Adickes, 398 U.S. at 159.

The Court notes, however, that denying Plaintiff's motion does not alter the posture of the case. The Court's denial of Plaintiff's motion is not a ruling that Club 21 lacks standing. It is merely a ruling that Plaintiff has not borne its burden to merit summary judgment on the issue.

**Conclusion**

On the evidence presented, Mr. McLeod lacks standing to challenge the manager's liability provision of the Shoreline Municipal Code. Similarly, Ms. Nyhaus lacks standing to challenge the four foot rule of the Adult Cabaret Ordinance. Defendants' motion (Dkt. No. 36) is GRANTED. Club 21's motion (Dkt. No. 53) is DENIED because Plaintiff has not established the absence of material disputes relating to its alleged "injury in fact."

The Clerk is directed to transmit a copy of this Order to all counsel of record.

Dated this 10th day of April, 2009.

Marsha J. Pechman
United States District Judge